IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 04-CR-30139-WDS |
| | ) | |
| CHARLES RICKY HOWLIET, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is defendant's pro se motion seeking retroactive application of the sentencing guidelines to crack cocaine offenses (Doc. 1054). The Court appointed Assistant Federal Defender Dan Cronin to represent the defendant, who now seeks leave to withdraw (Doc. 1129). The Probation Officer has determined, and appointed counsel concurs, that the defendant is not eligible for a reduction in sentence because the amount of drugs involved, 21.1 kilograms of crack cocaine. Under the amendments to the sentencing guidelines, with a base offense level of 37, the defendant would be ineligible for a reduction in sentence. On September 9, 2005, the Court sentenced the defendant to a term of 390 months on each of Counts 1-4 to be served concurrently. On February 24, 2010, the Court later reduced the defendant's sentence to a term of 160 months pursuant to Fed. R. Crim. P. 35.

A review of the record, and application of §3582, reveals that the defendant was sentenced at a base offense level of 37 with a criminal history category of VI, resulting in a Advisory Guideline range of 360-life. The amendments to the Advisory Guidelines would not, given the amount of controlled substance involved, result in a lower guideline range than that

which he is currently serving. Therefore, the relief which the defendant seeks is not available to him under the amendments to the Advisory Sentencing Guidelines.

Accordingly, the Court **GRANTS** the motion to withdraw (Doc. 1129) and **DENIES** defendant's motion for a reduction in sentence because the defendant is not entitled to a further reduction.

Also before the Court is defendant's motion for an order nunc pro tunc.  (Doc. 1016). As the basis for his motion, he asserts he was transferred from federal custody to state custody after sentencing on his federal charges to begin serving his subsequently imposed state sentence. He claims that he served 18 months of his 6 year state sentence before being returned to federal custody.  Defendant submits that the transfer to the state for incarceration was a fraud on the Court because he should have served his federal sentence first, in part because the state sentence was to be concurrent with his federal sentence.  Defendant does not claim that he is not being given credit for that 18 month period of state incarceration as part of his federal sentence.  The transfer to the state corrections department does not amount to a fraud upon this Court.  It is an administrative decision made by the Bureau of Prisons.  The Court cannot find that defendant has raised a valid claim entitling him to relief[1]  and the motion nunc pro tunc (Doc. 1016) is **DENIED.**

**IT IS SO ORDERED.**

**DATE:     12 April, 2013**

---

[1] To the extent that he seeks to vacate, set aside or correct his federal sentence, that claim can only be brought in a habeas petition pursuant to 28 U.S.C. § 2255.  Defendant did not file a habeas petition within one year of his sentencing, or the conclusion of his appeal. Defendant did not take a direct appeal of his conviction and sentence. His time for filing a viable habeas petition appears to have long expired.   See, 28 U.S.C. §2255(f).

**/s/   WILLIAM D. STIEHL**
  **DISTRICT JUDGE**